**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**


| | | |
|---|---|---|
| LARRY COCHRAN, | ) | CASE NO. 4:20CV01205 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| U.S. DEPARTMENT OF JUSTICE | ) | |
| | ) | **REPORT AND** |
| Respondent. | ) | **RECOMMENDATION** |


On June 1, 2020, Petitioner Larry Cochran ("Cochran" or "Petitioner"), a prisoner in federal custody, filed the instant petition through counsel under 28 U.S.C. § 2241 seeking a Writ of Habeas Corpus ("Petition").  (Doc. No. 1.)

Pending before the Court is Respondent U.S. Department of Justice's Motion to Dismiss, filed August 14, 2020 (Doc. No. 11), and Petitioner's Motion for an Emergency Hearing (Doc. No. 12) and Motion for Enlargement of Custody, filed September 2, 2020.  (Doc. No. 13.) Petitioner has filed a Reply to the Respondent's Motion to Dismiss (Doc. No. 20.)  Respondent has submitted a Response in opposition to Petitioner's motions.  (Doc. No. 16.)   Petitioner has filed a Reply in support of his Motion for Enlargement of Custody and Request for an Immediate Court Hearing.

(Doc. No. 18.)  This matter has been referred to the undersigned United States Magistrate Judge for preparation of a Report and Recommendation pursuant to Local Rule 72.2(b)(2).  For the reasons that follow, the undersigned recommends that the Respondent's motion to dismiss be GRANTED, and Petitioner's habeas petition be DISMISSED.  Petitioner's Motion for an Emergency Hearing and Motion for Enlargement of Custody are DENIED.

## I. Background

### A.    The Criminal Conviction and Appeals

On January 25, 2008, Cochran was convicted in the U.S. District Court for the Northern District of Indiana of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  On the same date, he was sentenced to 405 months imprisonment.  *United States v. Cochran,* No. 2:06-cr-114-JTM.  The Seventh Circuit Court summarized the facts underlying Cochran's conviction as follows:

> The Hammond, Indiana police received a tip on April 17, 2006 that an African-American male named "Larry" who lived at 833 Gostlin Street and drove a maroon Ford Taurus was driving around to different locations selling crack cocaine. Four days later, Officer Joseph Martinez saw an African-American male in a maroon Ford Taurus at 833 Gostlin Street. The next day, Officer Martinez saw the same person, later identified as Larry Cochran, leave in a silver Mercury Cougar that had been parked next to the Taurus. Officer Martinez followed the Cougar to a car dealership and watched. He saw Cochran, and then another male, get into a car on the dealership lot. Another officer, Officer Nicole Duncanson, also arrived and watched, and both suspected that a drug deal had taken place between Cochran and the unidentified male.

> Cochran then went back into the Cougar and drove out of the dealership. Officer Duncanson followed. Shortly thereafter, she pulled Cochran over for making an improper lane change and driving without a proper registration tag. After backup officers arrived on the scene, the officers ordered Cochran out of the car. When he got out, a baggie of crack cocaine fell from his pants leg. The officers then placed Cochran under arrest, and five more baggies of crack cocaine soon fell from his pants leg. The officers searched his car, and, eventually, his trunk, finding additional crack cocaine and a digital scale. Cochran was charged with possessing with the intent to

2

distribute more than five grams of crack cocaine.

*United States v. Cochran,* 309 F. App'x 2, 4 (7th Cir. 2009).

On June 30, 2008, Cochran appealed his conviction to the U.S. Court of Appeals for the Seventh Circuit on the grounds that the trial court abused its discretion and committed reversible error when it: (1) permitted the government prosecutor in his opening statement to comment on the defendant's absence from the courtroom during his trial, and (2) allowed into evidence drugs seized by the police after a pretextual traffic stop of the defendant's vehicle. *United States v. Cochran*, Defendant-Appellant's Brief, 2008 WL 5731257.  On January 28, 2009, the Seventh Circuit Court affirmed the conviction and issued its mandate *United States v. Cochran,* 309 F. App'x 2 (7th Cir. 2009).

After further appeals, the District Court for the Northern District of Indiana twice reduced Cochran's sentence: On January 1, 2015, the Court granted Cochran's Motion for Retroactive Application of Sentencing Guidelines pursuant to U.S. Sentencing Commission Amendment 782, reducing his previously-imposed sentence of imprisonment of a term of 405 months to a term of 327 months.  (N.D. Ind. Doc. No. 456.)[1]  On May 30, 2019, the Court granted Cochran's Motion to Reduce Sentence pursuant to the First Step Act of 2018, reducing the previously-imposed sentence of 327 months to a 240-month term of imprisonment, followed by a 3 year term of supervised release.  (N.D. Ind. Doc. No. 577.)

Cochran also made numerous other motions seeking reductions in sentencing, most of which the sentencing court denied. (*See, e.g.,* N.D. Ind. Doc. Nos. 345, 365, 386, 387, 290, 392, 416,

---

[1]     Citations to the docket of the underlying criminal case, Case No. 2:06-cr-114 in the United States District Court for the Northern District of Indiana, are identified herein as "N.D. Ind. Doc.," as no record was filed in this case.

417, 418, 420, 433, 434, 435, 442, 459, 460, 477, 483, 493, 497, 3500, 502, 503, 504, 527, 531, 532; *see also United States v. Cochran*, 634 F. App'x 596, 596-97 (7th Cir. 2017)). Most relevant to this case, Cochran filed multiple motions to dismiss his indictment, vacate his conviction and dismiss Case No. 2:06-cr-114 for failure to state an offense, stating a non-existent offense, or for lack of jurisdiction, most recently on June 12, 2020.[2] (N.D. Ind. Doc. No. 673.)

On May 21, 2020, Cochran filed a Motion for Relief in Light of This Court's May 5, 2020 Order Due to the Coronavirus in the sentencing court. (N.D. Ind. Doc. No. 655.)  Cochran also filed Motions for Compassionate Release in the sentencing court on February 11, 2019, June 28, 2019, June 29, 2020, and August 26, 2020, all of which were either withdrawn as repetitive filings or denied.[3] (N.D. Ind. Doc. No. 554, 590, 663, 686.)

In May 2020, the sentencing court denied separate motions by Cochran for further sentence reductions under Section 603(b) of the First Step Act and Amendment 782. (N.D. Ind. Doc. No. 654.) Cochran appealed the denial of both motions and sought the recusal of the district court judge, and that case is currently being briefed.

**B.    The Habeas Petition**

On June 1, 2020, Cochran filed the instant Petition in this Court, titling it "Request for a Declaratory Judgement." (Doc. 1.)  It does not specify a ground, because it was not styled as a

---

[2]      The June 12, 2020 Motion was denied on September 1, 2020.  (N.D. Ind. Doc. 675.)

[3]      The District Court for the Northern District of Indiana deemed many of Cochran's motions to be repetitive and/or frivolous, and, after warnings, on February 26, 2016, the Court fined Cochran $500 and temporarily barred him from further filings.  (*Id*. at 481.)  Because the repetitive and/or frivolous filings continued, the sentencing court again addressed this issue on June 12, 2020, when it issued another warning.  (*Id*. at 678.)

habeas petition, however, it alleges that the Respondent "violated [Cochran's] Constitutional and Human Rights" by convicting and sentencing him under an indictment which "omitted, or left out, the essential element necessary to state, or charge, a violation under 21 U.S.C. § 841(a)(1)." (Doc. No. 1 at 1, 6.)  On August 14, 2020, Respondent filed a "Response" that moved to dismiss the Petition for lack of jurisdiction.  (Doc. 11.)  On September 2, 2020, Cochran responded by filing a Motion for an Immediate Emergency Hearing and a Motion for Enlargement of Custody, both asserting new health concerns related to the Covid-19 epidemic. (Doc. Nos. 12, 13.)  On September 14, 2020, Respondent filed a Response, again moving for dismissal.  (Doc. No. 16.)  On September 21, 2020, Cochran filed a Response to Respondent's Motion to Dismiss his Motion for an Immediate Emergency Hearing and a Motion for Enlargement of Custody.  (Doc. No. 18.)  On October 15, 2020, Cochran filed a Reply to Government's Motion to Dismiss/Response to the Request for Declaratory Judgment.  (Doc. No. 20.)

## II. Law and Argument

### A.    Jurisdiction

This Court lacks jurisdiction over the sole ground of this Petition, and therefore, it should be dismissed.  Habeas Corpus is a limited remedy, not applicable to all sentencing-related claims.  As the Sixth Circuit explained:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw*, 86 F.3d at 166; *Cabrera v. United States*, 972 F.2d 23, 25  26 (2d Cir.1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *See Bradshaw*, 86 F.3d at 166; *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir.1986) (per curiam); *Wright v. United States Bd. of Parole*, 557 F.2d

74, 77 (6th Cir. 1977).

*Charles v. Chandler,* 180 F.3d 753, 755 56 (6th Cir. 1999) (per curiam).   However, there is an exception to this rule:

> [W]here a petitioner seeks to file a successive habeas petition but cannot meet the requirements of the § 2255(h) exception, the petitioner may look to the "savings clause" of 28 U.S.C. § 2255(e) for recourse:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
>
> Thus, where the remedy under § 2255 is inadequate or ineffective, the savings clause allows a federal prisoner to "bring a claim challenging his conviction or imposition of sentence under § 2241."

*Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016), *citing Charles,* 180 F.3d at 756.

In this case, Respondent asserts that this Court lacks jurisdiction to consider Petitioner's § 2241 challenge to a sentence imposed by the District Court for the Northern District of Indiana, because his sole ground challenges the validity of his crime of conviction, which is properly raised in the sentencing court as a challenge under § 2255. (Doc. No. 11 at 3.)

Cochran responds by noting that Respondent failed to follow the Court's order, filing a Motion to Dismiss with no record and not addressing his claim on the merits. (Doc. No. 20 at 2.) He further asserts that he attempted to amend his claim via an Addendum[4] which would "solidify his actual innocence claim and his ability to proceed under 28 U.S.C. § 2241." (*Id*. at 4-5.) However, the Addendum does not assert any intervening change in the law that establishes

---

[4]       The docket shows that no such Amendment was received by the Court until Cochran attached it as "Attachment 'A'" to his Reply.

6

Cochran's "actual innocence" that would be barred if brought by way of a second or successive § 2255 petition, the standard set forth by the Sixth Circuit.[5]  The first case he cites, *DePierre v. United States,* held that term "cocaine base" in federal drug statute means not just crack cocaine, but cocaine in its chemically basic form*,* and the rule of lenity did not require the Court to interpret § 841(b)(1)(A)(iii) in the defendant's favor.  *DePierre v. United States*, 564 U.S. 70, 72, 131 S. Ct. 2225, 2228, 180 L. Ed. 2d 114 (2011)*.*  The other case he cited, *McFadden v. United States,* held that to convict a defendant of distribution of controlled substance analogues, government must prove that defendant knew substance was a controlled substance under federal law*.*  *McFadden v. United States*, 576 U.S. 186, 189, 135 S. Ct. 2298, 2302, 192 L. Ed. 2d 260 (2015).  Unlike *McFadden*, Cochran does not assert that he was unaware crack cocaine is a controlled substance under federal law.  Therefore, he does not present a facially valid claim for actual innocence.  *See, e.g., Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Georgacarakos v. Ormond,* 697 F. App'x 443, 445 (6th Cir. 2017) ("the only circumstance in which this court has found § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence").

The petition at issue here challenges Cochran's conviction, and therefore is properly

---

[5]     The Sixth Circuit explained:

> We apply the § 2255(e) savings clause only where the petitioner demonstrates a claim of actual innocence that would be barred if brought by way of a second or successive § 2255 petition. *Wooten,* 677 F.3d at 307; *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). One way to succeed on a claim of actual innocence is to show "(1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him." *Wooten*, 677 F.3d at 307  08.

> *Haque v. Warden*, 665 F. App'x 390, 393 (6th Cir. 2016).

addressed in the sentencing court as a challenge under § 2255.  Cochran implicitly acknowledged this because, on September 8, 2009, Cochran properly filed a motion to vacate under 28 U.S.C. 2255 in the sentencing court.  (N.D. Ind. Doc. No. 346.)  His motion to vacate made substantially the same arguments as the habeas petition in this case, asserting that the indictment was defective because it "failed to state the constituent element(s) and fact(s) necessary to state the offense, and subsequently failed to state the offense."[6]  (*Id*. at 21.)  The sentencing court denied this motion on November 30, 2009.  (N.D. Ind. Doc. No. 365.)  Cochran filed a second motion to vacate under 28 U.S.C. 2255 on October 7, 2010, without leave of the court.[7]  (N.D. Ind. Doc. No. 393.)  The sentencing court again denied this motion on the same day.  (N.D. Ind. Doc. No. 394.)  He filed a motion to reopen his motion to vacate under 28 U.S.C. 2255 on July 6, 2011, without leave of the court.  (N.D. Ind. Doc. No. 418.)  The sentencing court again denied this motion on July 7, 2011.  (N.D. Ind. Doc. No. 419.)

As the Sixth Circuit made clear, "the remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."  *Whitley v. Perez*, 13 F. App'x 283, 286 (6th Cir. 2001), *citing Charles*, 180 F.3d at 758.  A challenge to a conviction may only be brought under 28 U.S.C. § 2241 when the petitioner is able to "establish that the remedy afforded

---

[6]     The Motion also made numerous other assertions of error, including prosecutorial misconduct, bias on the part of the trial judge, and ineffective assistance of both trial and appellate counsel.  (N.D. Ind. Doc. No. 346.)

[7]     Pursuant to 28 U.S.C. § 2255, a federal prisoner cannot file a second or successive § 2255 motion to vacate in the district court unless the prisoner first obtains permission to do so from the court of appeals, pursuant to the certification procedures expressed in § 2244. Pursuant to § 2244(b)(3)(C), the applicant is required to make a prima facie showing that he is entitled to relief before permission to file a second or successive motion can be granted. In addition, pursuant to 28 U.S.C. § 2244(b)(1), if a litigant seeks permission to file the same claims that were filed in a previous application, such claims "shall be dismissed."

8

under § 2255 is inadequate or ineffective." *Charles,* 180 F.3d at 757.  The briefs filed by Cochran in this case briefing do not acknowledge or address this issue, instead restating his substantive complaint about the nature of his conviction.  Because Cochran has made no showing that § 2255 is inadequate or ineffective remedy for his complaint, the Court recommends that his petition be DISMISSED for lack of jurisdiction.

**B.      Second or Successive Petition**

If this Petition is not dismissed for lack of jurisdiction, it should be  identified as a potential "second or successive petition" and transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for a determination of whether Cochran may proceed.  Petitioner Larry Cochran, sentenced on January 25, 2008, in the United States District Court for the Northern District of Indiana, under the docket number 2:06-cr-114, filed a habeas petition in the Northern District of Ohio Court on February 8, 2019 (the "Initial Petition").[8]  The Initial Petition asserted a single ground:  that his sentence should be reduced under 18 U.S.C. § 3582(c).  The Initial Petition was adjudicated by this Court under docket number 4:19-cv-304, and an Order of Dismissal was entered on January 21, 2020.

The same Petitioner has filed three additional habeas petitions in before this Court: *Cochran v. Williams,* No. 4:20 CV 1906 (N.D. Ohio filed Aug. 21, 2019), which was dismissed by this Court on December 30, 2019; *Cochran v. Williams,* No. 4:20 CV 1943 (N.D. Ohio filed Aug. 31, 2020), which was dismissed by United States District Judge Solomon J. Oliver on December 9,

---

[8]      No record was filed in this case, and because Cochran did not file this action as a habeas petition, he did not include his prisoner number in his initial filing. Nonetheless, the abundance of shared facts compels the conclusion that the Petitioner in all four filings discussed here is the same individual.

9

2020; and *Cochran v. Williams*, No. 4:20 CV 1975, 2020 WL 6323740, at *1 (N.D. Ohio Oct. 28, 2020), which was dismissed by United States District Judge Pamela A. Barker on October 28, 2020.

Under the gatekeeping provisions of § 2244(b), AEDPA requires state prisoners to obtain authorization from the appropriate federal court of appeals before he or she may file a "second or successive" habeas petition in federal district court. 28 U.S.C. § 2244(b)(3). AEDPA establishes exacting requirements for filing successive petitions, in accordance with the statue's goal of bringing finality to state-court judgments by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. *See Felker v. Turpin,* 518 U.S. 651, 664 (1996); *McCleskey v. Zant,* 499 U.S. 467, 493-95 (1991). Without such authorization, the district court lacks jurisdiction to review the petition. 28 U.S.C. § 2244(b)(3)(A).

The Supreme Court "has confirmed that a numerically second petition is not properly termed 'second or successive' to the extent it asserts claims whose predicates arose after the filing of the original petition." *In re Jones,* 652 F.3d 603, 605 (6th Cir. 2010). The Sixth Circuit further explained that:

> AEDPA does not define the phrase "second or successive." However, courts generally apply the abuse of the writ doctrine to determine whether a petition is second or successive. *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). "Under the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *Id.* (citing *McCleskey v. Zant*, 499 U.S. 467, 489, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)).

*In re Tibbetts,* 869 F.3d 403, 405 (6th Cir. 2017)

In this case, the Petition alleges defects in the original indictment and sentencing. These issues were ripe at the time of the petitions filed before this Court, Judge Oliver and Judge Barker.

Although the claims in this Petition are addressed on the merits below, the undersigned

10

recommends that if this Petition is not dismissed on its merits, it should be identified as a "second or successive petition" and transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for a determination of whether Cochran may proceed.

**C.    Motion for an Immediate Emergency Hearing and a Motion for Enlargement of Custody**

Cochran's Motion for an Immediate Emergency Hearing and a Motion for Enlargement of Custody both explicitly rely upon the assertion that "Cochran has made substantial claims in this action that are likely to succeed at the merits stage of the proceeding." (Do. No. 12 at 2; Doc. No. 13 at 2.)

Respondent sought to dismiss these new motions as well, citing both jurisdictional and *res judicata* grounds. (Doc. No. 16 at 1.) Cochran responds that the Respondent's Motion to Dismiss is made "in bad faith" and "disingenuously presents totally irrelevant, and in some instances inaccurately mischaracterized, statements and background information." (Doc. No. 18 at 3.)

For the reasons stated above, the Court does not believe it has jurisdiction over the claims in the habeas petition. Nor is Cochran without a proper forum to raise these concerns, as substantially similar claims have been brought before the trial court, been adjudicated, and found to be without merit.[9] Therefore, the Court cannot concur with Cochran's assessment of his likelihood of success on the merits. For all the foregoing reasons, Petitioner's Motion for an Immediate

---

[9]    As Respondent points out, the medical concerns raised by Cochran in his Motion for Enlargement of Custody have also been fully adjudicated by the sentencing court through his multiple Motions for Compassionate release, most recently denied by the sentencing court on September 1, 2020. (N.D. Ind. Doc. No. 554, 590, 634, 653, 663, 675, 684, 687.) These medical claims are also raised in the habeas petition currently before Judge Oliver, *Cochran v. Williams,* No. 4:20 CV 1943 (N.D. Ohio filed Aug. 31, 2020).

11

Emergency Hearing and a Motion for Enlargement of Custody are DENIED.

### III. Conclusion

For the foregoing reasons, it is recommended that the Respondent's Motion to Dismiss be

GRANTED.

Further, for all the reasons set forth herein, Petitioner's Motion for an Immediate

Emergency Hearing and a Motion for Enlargement of Custody are DENIED.

 *s/ Jonathan D. Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

Date: January 22, 2021

### <u>OBJECTIONS</u>

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**