UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Larry Cochran,                                                Case No.  4:20-cv-1205

        Petitioner/Plaintiff,

      v.                                                          MEMORANDUM OPINION
                                                AND ORDER

U.S. Department of Justice,

        Respondent/Defendant.


## I.    INTRODUCTION AND BACKGROUND

*Pro se* Petitioner/Plaintiff Larry Cochran, an inmate currently incarcerated at FCI

Cumberland in Cumberland, Maryland, filed what he described as a request for a declaratory

judgment, asserting Respondent/Defendant the United States Department of Justice and its

employees have "violated the Plaintiff's Constitutional and Human Rights, and have committed

[grievous] Torts against the Plaintiff."  (Doc. No. 1 at 1).  The case was docketed by the Clerk of

Court's office as a habeas petition under 28 U.S.C. § 2241, and it was referred to Magistrate Judge

Johnathan D. Greenberg pursuant to Local Rule 72.2.  Respondent argued the petition should be

dismissed for lack of jurisdiction because 28 U.S.C. § 2255 requires Cochran to submit his

arguments to the United States District Court for the Northern District of Indiana.  (Doc. No. 11 at

3).

In 2008, Cochran was convicted in the United States District Court for the Northern

District of Indiana on charges of possession with intent to distribute five or more grams of a

mixture and substance containing a detectable amount of cocaine base, in violation of 18 U.S.C.

§841(a)(1).  He initially was sentenced to 405 months in prison.  His term eventually was reduced to 240 months due to the retroactive application of certain amendments to the Sentencing Guidelines, as well as the First Step Act of 2018.  (*See* Doc. No. 23 at 3).

Cochran filed at least two motions to vacate his sentence and conviction under § 2255 before the Northern District of Indiana, as well as a motion to reopen his § 2255 petition.  (*Id.* at 8).  All three motions were denied.  (*Id.*).  He also filed four habeas petitions in the Northern District of Ohio, all of which were denied.  (*See* Case Nos. 4:19-cv-304; 4:20-cv-1906; 4:20-cv-1943, and 4:20-cv-1975).

Magistrate Judge Greenberg reviewed the petition and the related briefing, as well as Cochran's ten other filings, and recommends I dismiss Cochran's petition.  (Doc. No. 23).  Cochran filed objections to Judge Greenberg's Report and Recommendation, (Doc. No. 28), a motion to take judicial notice, (Doc. No. 26), and a motion for a hearing.  (Doc. No. 27).  For the reasons stated below, I deny Cochran's motions, overrule his objections, and adopt Judge Greenberg's Report and Recommendation.

## II.    STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'"  *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  A district court must conduct a *de novo* review only of the

portions of the magistrate judge's findings and recommendations to which a party has made a

specific objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### III.    DISCUSSION

### A.    REPORT AND RECOMMENDATION

Judge Greenberg recommends I dismiss this case for lack of subject matter jurisdiction

because § 2255 requires Cochran to bring his challenge to the validity of his conviction in the

sentencing court or, in the alternative, that I transfer Cochran's filing to the Sixth Circuit Court of

Appeals for a determination whether Cochran can proceed with a second or successive petition.

(Doc. No. 23 at 5-11).  While § 2241 permits a defendant to challenge his conviction under that

section if "'the remedy afforded under § 2255 is inadequate or ineffective,'" Judge Greenberg

recommends I conclude Cochran fails to show he is entitled to proceed under § 2241.  (*Id.* at 8-9

(quoting *Charles v. Chandler,* 180 F.3d 753, 757 (6th Cir. 1999) (per curiam)).

Cochran objects, arguing he was not given warning that his filing would be recharacterized

as a habeas petition and that the recharacterization was "completely erroneous and inappropriate."

(Doc. No. 28 at 1-2).

In the ordinary course, a district court may not recharacterize a *pro se* plaintiff's filing as a

petition for a writ of habeas corpus without first

> notify[ing] the pro se litigant that it intends to recharacterize the pleading, warn[ing]
> the litigant that this recharacterization means that any subsequent . . . [petition] will
> be subject to the restrictions on 'second or successive' motions, and provid[ing] the
> litigant an opportunity to withdraw the motion or to amend it so that it contains all
> the [habeas] claims he believes he has.

*Castro v. United States*, 540 U.S. 375, 383 (2003).

The concerns the *Castro* warning addresses do not apply to Cochran.  Since 2009, he has

willingly filed at least six different habeas petitions.  The claim he raises in his current pleading – that

his due process rights were violated when he was convicted and imprisoned for a "non-existent

offense," (Doc. No. 1 at 9) – is the same as part of the claim he raised in Ground II of his first §

2255 motion before the sentencing court.  *See United States v. Cochran*, Nos. 2:06 CR 114, 2:09 CV

275, 2009 WL 4638836, at *2 (N.D. Ind. Nov. 30, 2009).

Nor is there any reason to believe Cochran was caught unaware by the recharacterization of

his pleading.  Cochran acknowledges he is an experienced *pro se* litigant, having submitted "over 350

filings (everything from great writs; writs of habeas corpus ad subjiciendum; § 2241 habeas corpus

petitions; motions . . . etc.)." (Doc. No. 1 at 8).  Moreover, Cochran recognized the relevance of the

recharacterization of his filing and did not object to it: "Cochran's requested relief (i.e., whether it be

the issuance of requested declaratory judgment that rights have been violated, or release from

custody on writ of habeas corpus § 2241 petition), in whichever action (declaratory judgment or §

2241 petition) this Court wishes or decides Cochran pursues, should be granted . . . ." (Doc. No. 7

at 3).

Further, this is not the first time Cochran has attempted an end-run around the statutory

limitations on his ceaseless and meritless attempts to challenge his conviction.  In 2016, the Seventh

Circuit issued a show-cause order to Cochran after he continued filing unauthorized collateral

attacks on his sentence despite being warned not to do so.  *United States v. Cochran*, 634 F. App'x 596

(7th Cir. 2016).

Cochran's strategy in the proceedings leading to the show-cause order sheds valuable light

on these proceedings.  Cochran filed what he "characterized as a motion to correct 'clerical errors' in

his presentence report." *Id.* at 596.  The Seventh Circuit noted Cochran "insist[ed] that he wants

only to have clerical errors in the presentence report corrected and does not seek substantive

changes to the report or his sentence." *Id.*  Both the district court and the Seventh Circuit rejected

this argument, concluding Cochran misrepresented his "direct attacks on the calculation of [his]

imprisonment range under the sentencing guidelines." *Id.* at 596-97.

"[S]ubstance, rather than labels, should control in legal proceedings." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  The substance of Cochran's pleading plainly reflects a challenge to the validity of his sentence and conviction.  I conclude this Court lacks subject matter jurisdiction over Cochran's claims and dismiss them on that basis.

### B.    CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner need not demonstrate he should prevail on the merits.  Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Cochran's petition has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

### IV.    CONCLUSION

For the reasons stated above, I overrule Cochran's objections, (Doc. No. 28), to Judge Greenberg's Report and Recommendation, (Doc. No. 23), and adopt the Report and Recommendation in full.  I conclude this Court lacks subject matter jurisdiction over Cochran's claims.  I also deny his motions for judicial notice and for a hearing.  (Doc. Nos. 26 and 27).

Finally, I conclude Cochran fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

5